UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re ARA ERESIAN, JR., | ) ) ) ) ) | Civil Action No. 23-10751-FDS |
| Creditor/Appellant. | | |

### ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

**SAYLOR, C.J.**

This is an appeal from the bankruptcy court. Appellant Ara Eresian, Jr., is a creditor in a bankruptcy case that began in September 2011 and ended in May 2017. Appellant filed a notice appealing a decision not to reopen that proceeding on April 6, 2023, but has otherwise taken no action in this court to prosecute the appeal, including failing to provide a statement of reasons or filing a brief. Because appellant has failed to prosecute his claim or comply with the Federal Rules of Bankruptcy Procedure, his appeal will be dismissed.

**I.      Background**

As noted, appellant has not filed a statement of reasons for his appeal or a brief. The Court takes judicial notice of the bankruptcy docket for the underlying case. *In re Tracy L. Krowel*, 4:10-bk-43004 (Bankr. D. Mass.) ("*Krowel*"). In particular, the Court notes the Bankruptcy Judge's order denying appellant's motion to reopen bankruptcy proceedings, which appears to have prompted this appeal. *Krowel*, ECF No. 393 ("Bankr. Order").

The underlying Chapter 7 proceedings in this case began in September 2011 and were terminated on May 22, 2017. (Bankr. Order at 1 n.2). Appellant's involvement in the case possibly began in 2018 through other entities, although the record is unclear. (*Id.*) He became

an individual party in October 2019, when a creditor transferred their claim in bankruptcy to him. *Krowel*, ECF No. 231. Since then, appellant has filed five motions to reopen proceedings, either individually or through another entity. (Bankr. Order at 1 n.2). The Bankruptcy Court has denied each motion on similar grounds. (Bankr. Order at 1-3). Appellant appealed the denial of his first motion to the Bankruptcy Appellate Panel, which dismissed that claim for failing to file an opening brief or appendix. *Eresian v. Baldiga (In re Krowel)*, No. 21-022, slip op. at 14 (B.A.P. 1st Cir. Sept. 20, 2021). That decision was summarily affirmed by the First Circuit. *Eresian v. Baldiga (In re Krowel)*, No. 21-9009, slip op. at 15 (1st Cir. Oct. 6, 2022).

On March 23, 2023, the Bankruptcy Court denied appellant's third individual motion to reopen proceedings. (Bankr. Order at 6). The next day, he filed a notice of appeal in the Bankruptcy Court. (ECF No. 1). On April 21, 2023, the Bankruptcy Court clerk entered a certification of default as to appellant because he had failed to file a designation of the items to be included in the record on appeal or a statement of issues to be presented. (ECF No. 4).

**II.   Analysis**

Appellant has failed to file his designation of the record and statement of issues on appeal. Rule 8009(a)(1) requires that appellants file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days of the notice of appeal. FED. R. BANKR. P. 8009(a)(1). Further, without a contravening court order, bankruptcy appellants must file a brief within 30 days after docketing of the bankruptcy record. FED. R. BANKR. P. 8018(a)(1). Failure to follow these rules can result in dismissal of the case at the discretion of the Court. *See* FED. R. BANKR. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal [is grounds] for the district court or B.A.P. to act as it considers appropriate, including dismissing the appeal."); *In re Taal*, 2022

WL 843084 (B.A.P. 1st Cir. Feb. 16, 2022), *aff'd*, 2022 WL 19569462 (1st Cir. Nov. 17, 2022), *cert. dismissed*, 143 S. Ct. 2602 (2023); *Wilson v. Wells Fargo Bank (In re Wilson)*, 402 B.R. 66, 69-70 (B.A.P. 1st Cir. 2009) ("When an appellant fails to provide a record of evidence material to the point the appellant wishes to raise . . . the court in its discretion may . . . dismiss the appeal if the absence of a full record thwarts intelligent and reasoned review." (quoting *Scarfo v. Cabletron Sys.*, 54 F.3d 931, 963 (1st Cir. 1995))).

Appellant has not taken any action to prosecute his appeal in the more than six months since filing the notice of appeal in the Bankruptcy Court. He has not filed a designation or statement as required by Rule 8009(a)(1). He has not filed any appeal brief, which were due 30 days after the docketing of the bankruptcy record. FED. R. BANKR. P. 8018(a)(1).[1] He has not contacted the court, requested more time to file briefs, or sought to explain his lack of action. Given these failures, the appeal will be dismissed under Rule 8003(a)(2).

### III. Conclusion

For the foregoing reasons, the appeal of creditor-appellant Ara Eresian, Jr., is hereby DISMISSED for failure to prosecute.

**So Ordered.**

Dated: October 26, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[1] This failure would be ground for dismissal after notice to the appellant per Fed. R. Bankr. P. 8018(a)(4). The Court has not supplied notice to appellant here as it is not required under Fed. R. Bankr. P. 8003(a)(2).